UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| TAMMY R. BROTHERSTON,<br><br>    Plaintiff,<br><br>v.<br><br>PARAMOUNT RECOVERY SYSTEMS, L.P.,<br><br>    Defendant. | CIVIL COMPLAINT<br><br>CASE NO. 6:19-cv-00676<br><br>DEMAND FOR JURY TRIAL |

## COMPLAINT

NOW comes TAMMY R. BROTHERSTON ("Plaintiff"), by and through her attorneys, Sulaiman Law Group, Ltd. ("Sulaiman"), complaining as to the conduct of PARAMOUNT RECOVERY SYSTEMS, L.P. ("Defendant"), as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. §1692 *et seq.* for Defendant's unlawful conduct.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FDCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C §1692, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant is headquartered in Waco, Texas, which is within the Western District of Texas.

### PARTIES

1

4. Plaintiff is a consumer over 18 years-of-age and a "person" as defined by 47 U.S.C. §153(39).

5. Defendant advertises that it "has serviced numerous clients across multiple sectors of the collection industry."[1] Defendant is a collection company organized under the laws of the State of Texas and is registered at 111 East Center Street, Lorena, Texas 76655.

6. Defendant is a "person" as defined by 47 U.S.C. §153(39).

7. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

## FACTS SUPPORTING CAUSES OF ACTION

8. The instant action arises out of Defendant's attempts to collect upon a defaulted personal loan ("subject debt") from Plaintiff.

9. Around the summer of 2019, Plaintiff began receiving calls to her cellular phone, (218) XXX-0501, from Defendant.

10. At all times relevant to the instant action, Plaintiff was the sole subscriber, owner, and operator of the cellular phone ending in -0501. Plaintiff is and always has been financially responsible for the cellular phone and its services.

11. Defendant has primarily used the phone number (763) 316-0639 when placing collection calls to Plaintiff's cellular phone, but upon belief, Defendant has used other phone numbers as well.

12. Upon information and belief, the above-referenced phone number ending in -0639 is regularly utilized by Defendant during its debt collection activity.

---

[1] https://www.paramountrecovery.com/OurServices/ClientServices

13. During answered calls, Plaintiff was subjected to a noticeable pause, having to say "hello" several times, before being connected to a live representative.

14. Upon speaking with Defendant, Plaintiff was informed that it is acting as a debt collector attempting to collect upon the subject debt.

15. Plaintiff explained to Defendant that she no longer owes the subject debt and demanded that it cease calling her.

16. Defendant has continued placing collection calls to Plaintiff's cellular phone through the filing of the instant action.

17. Despite Defendant lacking permission to call Plaintiff's cellular phone, Defendant still placed not less than 25 phone calls to Plaintiff's cellular phone.

18. Moreover, on at least one occasion, Defendant threatened to sue Plaintiff to collect the subject debt even though Plaintiff explained that she no longer owes the subject debt.

19. Frustrated over Defendant's conduct, Plaintiff spoke with Sulaiman regarding her rights, resulting in expenses.

20. Plaintiff has been unfairly and unnecessarily harassed by Defendant's actions.

21. Plaintiff has suffered concrete harm as a result of Defendant's actions, including but not limited to, invasion of privacy, aggravation that accompanies collection telephone calls from debt collectors, emotional distress, increased risk of personal injury resulting from the distraction caused by the never-ending calls, increased usage of her telephone services, loss of cellular phone capacity, diminished cellular phone functionality, decreased battery life on her cellular phone, and diminished space for data storage on her cellular phone.

### COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

22. Plaintiff repeats and realleges paragraphs 1 through 21 as though full set forth herein.

23. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3) of the FDCPA.

24. Defendant is a "debt collector" as defined by §1692a(6) of the FDCPA, because it regularly use the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

25. Defendant is engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed or due or asserted to be owed or due to others. Defendant has been a member of the Association of Credit and Collection Professionals, an association of debt collectors, since 2001.[2]

26. The subject debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be due to another for personal, family, or household purposes.

### a.  Violations of FDCPA §1692c and §1692d

27. The FDCPA, pursuant to 15 U.S.C. §1692d, prohibits a debt collector from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." §1692d(5) further prohibits, "causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number."

28. Defendant violated §1692c(a)(1), d, and d(5) when it continuously called Plaintiff after being notified to stop. Defendant called Plaintiff at least 25 times after she demanded that it stop. This repeated behavior of systematically calling Plaintiff's phone in spite of this information was harassing and abusive. The frequency and nature of calls shows that Defendant willfully ignored Plaintiff's pleas with the goal of annoying and harassing Plaintiff.

29. Defendant was notified by Plaintiff that its calls were not welcomed. As such, Defendant knew that its conduct was inconvenient and harassing to her.

---

[2] https://www.acainternational.org/search#memberdirectory

### b. Violations of FDCPA § 1692e

30. The FDCPA, pursuant to 15 U.S.C. §1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

31. In addition, this section enumerates specific violations, such as:

> "The threat to take any action that cannot legally be taken or that is not intended to be taken." 15 U.S.C. § 1692e(5); and

> "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. §1692e(10).

32. Defendant violated 15 U.S.C. §§ 1692e, e(5), and e(10) when it issued deceptive threats to collect and/or attempt to collect the subject debt. On at least one occasion, Defendant threatened to initiate a lawsuit against Plaintiff despite the fact that Plaintiff no longer owes the subject debt. Consequently, Defendant threatened to initiate a lawsuit that it is not able to pursue. From its actions, Defendant's intentions were to collect upon the subject debt outside of the judicial process by continuing with its deceptive and coercive collection campaign. These false and deceptive tactics utilized by Defendant only served to worry and confuse Plaintiff.

33. Defendant violated §1692e and e(10) when it used deceptive means to collect and/or attempt to collect the subject debt. In spite of the fact that Plaintiff demanded that it stop contacting her, Defendant continued to contact Plaintiff via automated calls. Instead of putting an end to this harassing behavior, Defendant systematically placed calls to Plaintiff's cellular phone in a deceptive attempt to force her to answer its calls and ultimately make a payment. Through its conduct, Defendant misleadingly represented to Plaintiff that it had the legal ability to contact her via an automated system when it no longer had consent to do so.

### c. Violations of FDCPA § 1692f

34. The FDCPA, pursuant to 15 U.S.C. §1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

35. Defendant violated §1692f when it unfairly and unconscionably attempted to collect on a debt by threatening to sue Plaintiff to collect upon the subject debt even though the subject debt is not collectible through a lawsuit. Any reasonable fact finder will conclude that Defendant's threat was unfair and unconscionable as it was designed to instill a sense of urgency within consumers to make a prompt payment.

36. Defendant violated §1692f when it unfairly and unconscionably attempted to collect on a debt by continuously calling Plaintiff at least 25 times after being notified to stop. Attempting to coerce Plaintiff into payment by placing voluminous phone calls without her permission is unfair and unconscionable behavior. These means employed by Defendant only served to worry and confuse Plaintiff.

37. As pled in paragraphs 19 through 21, Plaintiff has been harmed and suffered damages as a result of Defendant's illegal actions.

WHEREFORE, Plaintiff, TAMMY R. BROTHERSTON, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

c. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3);

e. Enjoining Defendant from further contacting Plaintiff; and

    f.   Awarding any other relief as this Honorable Court deems just and appropriate.

Dated: November 25, 2019                               Respectfully submitted,

| s/ Nathan C. Volheim | s/Taxiarchis Hatzidimitriadis |
|---|---|
| Nathan C. Volheim, Esq. #6302103 | Taxiarchis Hatzidimitriadis, Esq. #6319225 |
| *Counsel for Plaintiff* | *Counsel for Plaintiff* |
| Admitted in the Western District of Texas | Admitted in the Western District of Texas |
| Sulaiman Law Group, Ltd. | Sulaiman Law Group, Ltd. |
| 2500 South Highland Ave., Suite 200 | 2500 South Highland Ave., Suite 200 |
| Lombard, Illinois 60148 | Lombard, Illinois 60148 |
| (630) 568-3056 (phone) | (630) 581-5858 (phone) |
| (630) 575-8188 (fax) | (630) 575-8188 (fax) |
| nvolheim@sulaimanlaw.com | thatz@sulaimanlaw.com |